UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENEE DAVIS and REGINALD DAVIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-0596-B |
| STATE FARM LLOYDS and LEAH SUZANNE MCGEE, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (doc. 5), filed on March 2, 2015. For the reasons that follow, the Court concludes that Plaintiffs' motion should be and hereby is **DENIED**.

## I.

## BACKGROUND

Plaintiffs Renee Davis and Reginald Davis filed this lawsuit against Defendants State Farm Lloyds ("State Farm") and insurance agent Leah Suzanne McGee ("McGee") for the improper handling of an insurance claim under a policy issued by State Farm. *See* Doc. 1-2, Orig. Pet. Plaintiffs allege that their insured property—presumably a dwelling—was damaged on June 23, 2014, but that State Farm "failed to pay the full proceeds of the policy" and failed to settle the claim in an adequate and timely manner. *Id.* at ¶¶ 1, 17, 19–20. With respect to the insurance agent McGee, Plaintiffs allege that she "constantly assured Plaintiff[s] that they were adequately insured even though a reasonable and prudent insurance agent would testify otherwise." *Id.* at ¶ 11. They further allege that McGee "misrepresented to Plaintiff[s] that the insured person was covered by such peril although

[State Farm] denied such coverage." *Id.* at ¶ 18. It thus appears that Plaintiffs claim they have been wrongfully denied full coverage for the damages sustained to their property, although there is no information as to the event that caused the damage, the nature or extent of the damage, and the circumstances underlying State Farm's alleged denial of full coverage.

On December 29, 2014, Plaintiffs filed their Original Petition against both Defendants in County Court at Law No. 2 in Dallas County, Texas. Orig. Pet. Plaintiffs assert the following claims against both State Farm and McGee: (1) negligent misrepresentation; (2) fraud; (3) violation of the Texas Deceptive Trade Practices Act; and (4) civil conspiracy to commit illegal acts. *Id.* at ¶¶ 48–50; 59–65. They further raise the issue of vicarious liability, indicating that State Farm granted McGee authority to act on its behalf and that McGee's actions were in the scope of that authority. *Id.* at ¶¶ 30–34. Against State Farm specifically, Plaintiffs allege: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; and (3) violation of chapters 541 and 542 of the Texas Insurance Code. *Id.* at ¶¶ 35–47; 51–58.

State Farm removed the case to this Court on February 19, 2015.[1] Doc. 1, Notice of Removal. In its Notice of Removal, State Farm argues that the Court may exercise subject matter jurisdiction over this case under 28 U.S.C. § 1332, because although Plaintiffs and McGee are citizens of Texas, McGee was improperly joined and thus her citizenship should not be considered for the purpose of assessing the validity of diversity jurisdiction. *Id.* at 2–6. On March 2, 2015, Plaintiffs filed the present Motion to Remand the case to state court on the grounds that McGee was properly joined and therefore diversity of citizenship does not exist. Doc. 5, Mot. to Remand 3–5.

---

[1] The Notice of Removal indicates that McGee consented to the removal. Doc. 1, Notice of Removal 6.

State Farm filed a response to the motion on March 20, 2015 (doc. 8), to which Plaintiffs have not replied. As such, the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. One such grant of authority is found in 28 U.S.C. § 1332. That statute provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). However, removal is only proper in such cases if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 281.

That being said, a non-diverse defendant may be disregarded for the purpose of analyzing complete diversity if the non-diverse defendant was improperly joined. *Cuevas v. BAC Home Loans*

*Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183

(5th Cir. 2005)). The burden to establish improper joinder is on the removing party, and it is a heavy

one. *Cuevas*, 648 F.3d at 249. The removing party must establish either "(1) actual fraud in the

pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against

the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.

2004) (en banc). In this case, State Farm does not assert that Plaintiffs engaged in fraud. Thus, in

order to establish improper joinder, State Farm must demonstrate that there is no possibility of

recovery by Plaintiffs against McGee. *Smallwood*, 385 F.3d at 573.

## III.

## ANALYSIS

Courts determine whether there is a possibility of recovery in one of two ways. One way is to

conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it

states a claim against the non-diverse defendant. *Id.* The other way is to "pierce the pleadings" and

conduct a Rule 56-type analysis. *Id.* The latter approach, however, is only appropriate where the

summary judgment evidence reveals that the plaintiff has withheld facts relevant to the propriety of

joinder. *Id.* Because this is not the case here, the Court proceeds with a Rule 12(b)(6)-type analysis

of Plaintiffs' Original Petition.

In conducting this 12(b)(6)-type analysis of a petition originally filed in Texas state court,

this Court and other courts in the Northern District of Texas apply state court pleading standards.

*Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-CV-0575-B, 2014 WL 3855238, at *4 (N.D. Tex.

Aug. 5, 2014) (Boyle, J.). Traditionally, Texas courts have applied a pleading standard that is more

liberal than the federal pleading standard, upholding a petition so long as it provides "fair notice of

the claim involved." Tex. R. Civ. P. 45(b). In March 2013, however, the Texas Supreme Court

adopted Rule 91a of the Texas Rules of Civil Procedure, which provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis
> in law or fact. A cause of action has no basis in the law if the allegations, taken as
> true, together with inferences reasonably drawn from them, do not entitle the
> claimant to the relief sought. A cause of action has no basis in fact if no reasonable
> person could believe the facts pleaded.

Tex. R. Civ. P. 91a. While not identical to the Rule 12(b)(6) standard, the Texas Courts of Appeals

have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis and have relied on

the 12(b)(6) case law in applying Rule 91a. *See Drake v. Walker*, No. 05-14-00355-CV, 2015 WL

2160565, at *3 (Tex. App.—Dall. May 8, 2015, no. pet. h.); *Wooley v. Schaffer*, 447 S.W.3d 71, 76

(Tex. App.—Houston [14th Dist.] 2014), *reh'g overruled* (Oct. 9, 2014); *GoDaddy.com, LLC v.

Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014), *review denied* (Nov. 21, 2014).

Accordingly, this Court shall do the same. *See Linron Props., Ltd. v. Wassau Underwriters Ins. Co.*, No.

3:15-CV-00293-B, 2015 WL 3755071, at *3 (N.D. Tex. June 16, 2015).

A.      *Rule 12(b)(6) Standard*

Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a

claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6)

motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most

favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)

(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

Furthermore, the court will "not look beyond the face of the pleadings to determine whether relief

should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999),

*cert. denied*, 530 U.S. 1229 (2000).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

B.      *Application*

In their Original Petition, Plaintiffs assert the following claims against McGee: (1) negligent misrepresentation; (2) fraud; (3) violation of the Texas Deceptive Trade Practices Act; and (4) civil conspiracy to commit illegal acts. Orig. Pet. ¶¶ 48–50; 59–65. They further raise the issue of vicarious liability, noting that State Farm granted McGee authority to act on its behalf and that McGee's actions were in the scope of that authority. *Id.* at ¶¶ 30–34. State Farm argues that Plaintiffs offer mere conclusory allegations that do not state a plausible claim for relief against McGee.[2] Resp. 4–8. For the reasons detailed below, the Court agrees.

---

[2] The Court notes that Plaintiffs' Motion to Remand merely states the legal standard for removal and recites the allegations included in the Original Petition (although incorrectly referring to "Plaintiff Bryan Vaughan" instead of the actual plaintiffs in this case, Renee Davis and Reginald Davis). *See* Mot. to Remand. The Motion thus fails to meaningfully discuss whether viable claims have been asserted against McGee.

1.   <u>Negligent Misrepresentation</u>

Plaintiffs first allege that McGee made a negligent misrepresentation regarding their insurance policy. Orig. Pet. ¶¶ 59–61. To state a claim for negligent misrepresentation, a plaintiff must establish that (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). In addition, "the false information complained of in a negligent representation claim 'must be a misstatement of an existing fact rather than a promise of future conduct.'" *Montgomery v. SunTrust Mortg., Inc.*, No. 3:10-CV-733-F, 2012 WL 1353087, at *6 (N.D. Tex. Apr. 19, 2012) (quoting *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.)).

The Original Petition echoes these elements in a general fashion, supplementing them only with the assertion that "Defendant Insurance Agent misrepresented to Plaintiff[s] that the insured person was covered by such peril although Defendant Insurance Company denied such coverage." *See* Orig. Pet. ¶¶ 18; 59–61. They further add that "[f]rom the time of sale of her policy to date, Defendant Insurance Agent constantly assured Plaintiff[s] that they were adequately insured even though a reasonable and prudent insurance agent would testify otherwise." *Id.* at ¶ 11.

These allegations lack factual support or context from which the Court can draw the reasonable inference that McGee is liable for negligent misrepresentation. First, the statement that Plaintiffs were "covered by such peril" points to no facts regarding what this "peril" is and fails to disclose what McGee misrepresented. With respect to the statement that Plaintiffs were "adequately

insured," Plaintiffs' pleadings and briefing fail to explain what this vague term means, how it relates to the loss to their property, and whether this was, in fact, a misrepresentation. *See* Orig. Pet. ¶ 11 (indicating that "a reasonable and prudent insurance agent would testify otherwise" without offering further explanations). Therefore, outside Plaintiffs' recitation of the elements of the claim, they allege no *facts* indicating what misrepresentation McGee made, how they relied on McGee's statements, and what damages this led them to incur. Although Plaintiffs' petition includes the generic assertion that they incurred "actual damages, exemplary damages, interest, and court costs," there are no allegations indicating what loss Plaintiffs suffered and how such loss was caused by their justifiable reliance on McGee's misrepresentations. *Id.* at ¶ 59. In short, Plaintiffs' allegations are a collection of threadbare recitals of the elements of the claim, conclusory statements, and even ambiguous assertions that provide no facts to indicate the viability of the negligent misrepresentation claim. *See Weber Paradise Apartments, LP v. Lexington Ins. Co.*, No. 3:12-CV-5222-L, 2013 WL 2255256, at *6–8 (N.D. Tex. May 23, 2013) (applying the more liberal "fair notice" pleading standard and concluding that similar allegations failed to state a claim for negligent misrepresentation); *Anderson v. J.P. Morgan Chase*, No. H-13-1448, 2013 WL 6524630, at *6–7 (S.D. Tex. Dec. 11, 2013) (concluding that plaintiffs' "broad, generalized conclusions that incorrect information was provided to them" fail to state a plausible claim for negligent misrepresentation under the Rule 12(b)(6) standard).

2.   <u>Fraud</u>

The Court next turns to Plaintiffs' fraud claim against McGee. The elements of a fraud claim under Texas law are: "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and

justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

In support of their fraud claim, Plaintiffs assert, in a conclusory manner, that Defendants made a representation that was material and false, and that they made it with reckless disregard as to its truth and with the intent that Plaintiffs act on it. Orig. Pet. ¶ 62. They add that they were injured due to their reliance on the misrepresentation. *Id.* As in the context of the negligent misrepresentation claim, the only factual allegations that could be linked to the fraud claim are those relating to McGee's alleged statement that Plaintiffs were "adequately insured" and that they were "covered by such peril although Defendant Insurance Company denied such coverage" *Id.* at ¶¶ 11, 18. Lacking any factual support, these allegations against McGee fail to state a claim for fraud. *Weber Paradise Apartments, LP*, 2013 WL 2255256, at *6–8 (N.D. Tex. May 23, 2013) (applying the more liberal "fair notice" pleading standard and concluding that similar allegations failed to state a claim for fraud); *see also Druke v. Fortis Health*, No. 5:06-CV-00052, 2007 WL 38322, at *4 (S.D. Tex. Jan. 4, 2007) (general assurance that insurance policy would be honored is not a material misrepresentation that can support a fraud claim).

### 3. Violation of the Texas Deceptive Trade Practices Act

Next, Plaintiffs aver that McGee knowingly and intentionally violated the Texas Deceptive Trade Practices Act, Texas Business and Commerce Code §§ 17.41 *et seq.* (the "DTPA"). Orig. Pet. ¶¶ 48–50. The DTPA is intended "to protect consumers against false, misleading, and deceptive business practices." Tex. Bus. & Com. Code § 17.44(a). Texas courts recognize a cause of action under the DTPA "against an insurance agent when that agent engages in unfair or deceptive acts."

*Lopez v. OM Fin. Life Ins. Co.*, No. H-09-789, 2009 WL 2591245, at *2 (S.D. Tex. Aug. 19, 2009) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)). However, liability is imposed only "when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages." *Griggs*, 181 F.3d at 701 (concluding that an agent's statements that plaintiff's claims would be handled professionally were "more in the nature of non-actionable puffery than actionable representations of specific material fact.").

In support of their claim, Plaintiffs merely quote excerpts of the DTPA that list actions constituting "false, misleading, or deceptive acts or practices." *See* Orig. Pet. ¶¶ 48–50; Tex. Bus. & Com. Code § 17.46(b). Plaintiffs do not, however, adapt or supplement this statutory language with facts regarding their particular circumstances. They make no effort to clarify what statements or advertisements McGee made or what she may have failed to disclose in the course of her dealings with Plaintiffs. *See* Orig. Pet. ¶¶ 48–50. Moreover, the allegations that McGee assured Plaintiffs they were "adequately insured" and "covered by [the] peril" in question do not point to the specific policy terms that were violated, as is required to state a claim against an agent under the DTPA. *See Griggs*, 181 F.3d at 701; Orig. Pet. ¶¶ 11, 18. In addition, vague references to McGee's alleged statements that Plaintiffs were "adequately insured" and "covered by [the] peril" that affected their property do not constitute the actionable misrepresentations of material facts required to establish a DTPA claim, but are rather more akin to the "non-actionable puffery" discussed in *Griggs*. *See Griggs*, 181 F.3d at 701; *see also Druke*, 2007 WL 38322, at *4 (assurance that policy would be honored is not actionable statement under the DTPA). Therefore, Plaintiffs have failed to state a DTPA claim against McGee.

-10-

4.     Civil Conspiracy

Plaintiffs further assert a claim for civil conspiracy against both Defendants. Orig. Pet. ¶¶ 63–65. Under Texas law, a civil conspiracy is "generally defined as a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). A defendant's liability for civil conspiracy "is derivative of an underlying tort; without independent tortious conduct, there is no actionable civil conspiracy claim." *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 709–10 (5th Cir. 2009) (citing *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 381 (Tex. App. —Hous. [1st Dist.] 2007, no pet.)). Therefore, liability for civil conspiracy depends on participation in an underlying unlawful act. *Tilton*, 925 S.W.2d at 681; *see also Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). As State Farm correctly indicates, because Plaintiffs' remaining claims against McGee are not viable, Plaintiffs' derivative claim for civil conspiracy likewise must fail. Resp. 8.

5.     Vicarious Liability

In their Original Petition, Plaintiffs insist on the existence of vicarious liability, defined as "liability placed upon one party for the conduct of another, based solely upon the relationship between the two." *Vecellio Ins. Agency v. Vanguard Underwriters Ins. Co.*, 127 S.W.3d 134, 138 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Plaintiffs note that State Farm held McGee out as having authority to act on its behalf and gave the appearance of such. Orig. Pet. ¶ 30. They add that State Farm's actions caused Plaintiffs to believe that McGee had the authority to act on behalf of State Farm. *Id.* at ¶¶ 31–32. By focusing on the apparent authority of McGee to act on State Farm's behalf, it appears that Plaintiffs seek to assert that State Farm can be held liable for McGee's actions. *See Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 794–95 (Tex. App.—Dall. 2011, no pet.) (discussing

-11-

when an agent has the authority to bind the principal to the agent's actions). However, in their Motion to Remand, Plaintiffs argue that the theory of vicarious liability renders McGee liable for the acts of State Farm, so that any claims specifically raised against State Farm should also be read to apply to McGee. Mot. to Remand 4–5. In its Response, State Farm indicates that there is no legal or factual basis for construing the allegation of vicarious liability as seeking to impose liability on McGee for the acts of State Farm. Resp. 8. The Court agrees; despite the arguments Plaintiffs present in their Motion to Remand, their Original Petition—which is the focus of the Court's analysis on the issue of improper joinder—contains no assertions that could suggest McGee could be held vicariously liable for State Farm's actions, as Plaintiffs have not alleged that State Farm was an agent of McGee acting in the scope of the authority granted by McGee.

In sum, State Farm has established that there is no reasonable basis to predict Plaintiffs' recovery against McGee. The Court therefore concludes that McGee was improperly joined. Consequently, the Texas citizenship of McGee need not be considered when determining the validity of diversity jurisdiction. Because the parties do not dispute that Plaintiffs and State Farm are of diverse citizenship and that the amount in controversy exceeds the jurisdictional requirement, the Court determines that diversity jurisdiction exists and that removal was proper. Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

## IV.

## CONCLUSION

For the reasons stated above, the Court concludes that Defendant insurance agent Leah Suzanne McGee was improperly joined and that the remaining parties satisfy the requirements for diversity jurisdiction. Therefore, Plaintiffs' Motion to Remand (doc. 5) is **DENIED**. In addition,

Defendant Leah Suzanne McGee is **DISMISSED** from this lawsuit, as no plausible claims have been stated against her.

      SO ORDERED.

      SIGNED: July 21, 2015.

                               _____
                               JANE J. BOYLE
                               UNITED STATES DISTRICT JUDGE